LYNCH, Circuit Judge
(concurring in the judgment).
I concur in the judgment reversing and vacating the district court’s grant of habe-as corpus.
The standard of reasonableness we must use in evaluating the state court’s decision is that articulated by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).[8] In *40 that case, Justice O’Connor (commanding, for this part of her opinion, a majority of the Court) read 28 U.S.C. § 2254(d)(l)’s limitation on the federal courts’ power to grant writs of habeas corpus to mean that “[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.” 529 U.S. at 411, 120 S.Ct. 1495. The Court warned, however, that a court “should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation’s jurists has applied the relevant federal law in the same manner the state court did.” Id. at 410, 120 S.Ct. 1495. In applying § 2254(d)(1), as in assessing the novelty of law under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), “the mere existence of conflicting authority” does not resolve the question. Williams, 529 U.S. at 410, 120 S.Ct. 1495 (quoting Wright v. West, 505 U.S. 277, 304, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (O’Connor, J., concurring in the judgment)) (internal quotation marks omitted). Moreover, the Court rejected the test advanced by the Fourth Circuit that permitted the grant of habeas only if “reasonable jurists would all agree” that the state court erred in applying federal law. Id. at 409, 112 S.Ct. 2482 (quoting Green v. French, 143 F.3d 865 (4th Cir.1998)) (internal quotation marks omitted).
I would reverse the grant of habeas for either of two reasons, alone or in combination. First, when Kibbe argued at trial that he had cooperated with the police on the night of his arrest, he 'opened the door to a full development of his actions, at least on the issue of cooperation. This reasoning predates Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), and was cited with approval by the Court in that case. See United States v. Fairchild, 505 F.2d 1378, 1383-84 (5th Cir.1975), cited in Doyle, 426 U.S. at 619 n. 11, 96 S.Ct. 2240. Similar analyses continue to appear in decisions by federal circuit and state supreme courts. E.g., United States v. Reveles, 190 F.3d 678, 683-85 (5th Cir.1999); Earnest v. Dorsey, 87 F.3d 1123, 1135 (10th Cir.1996); Pennycuff v. State, 745 N.E.2d 804, 812-14 (Ind.2001). Our own Grieco v. Hall, 641 F.2d 1029 (1st Cir.1981), acknowledges, although it does not apply, the holdings of the cooperation cases. Id. at 1033-34. In my view, Kibbe opened the door sufficiently wide to admit both the cross-examination and the prosecutor’s single comment in closing. The latter comment regarded Kibbe’s explanation for his flight, and the question why he fled is sufficiently bound up with the question whether he cooperated that I do not think the comment violated due process of law. That rationale alone supports the outcome reached by the state court, and it is the outcome reached by that court’s reasoning, rather than the path it followed, that we must ultimately assess. Hurtado v. Tucker, 245 F.3d 7, 20 (2001).
Second, even if an analysis based on Kibbe’s decision to use a cooperation theme is rejected (as it should not be), and the case. is placed somewhere on the Doyle-Charles spectrum, the state decision is simply not an “unreasonable application of ... clearly established Federal law ... as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1) (Supp. II 1996). That is all *41 we need decide and I prefer not to engage in extensive discussion in dicta of possible developments in the law in this area.

. I do not agree that the standard this Circuit applied in O’Brien v. Dubois, 145 F.3d 16 (1st Cir.1998), at least as it is literally read, is equivalent to or consistent with the Williams standard. See id. at 25 ("[F]or the writ to issue, the state court decision must be so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes.”). In my view, this particular holding of O’Brien — the “outside the universe of plausible, credible outcomes” test — has been overruled. Other aspects of O’Brien remain sound. Nevertheless, this is *40 not the case to resolve the issue, as either standard would yield the same result here. For this reason, I do not engage in exposition of my reasoning. For the same reason, I consider the majority opinion's use of O’Brien dictum.